UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01784-ODW (JDE) | Date | March 8, 2024 |
|---|---|---|---|
| Title | Scott Joseph Faulkner v. Alan Heidrich, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**     (In Chambers) Order Staying Action [JS-6] and Denying Defendant's Motion to Dismiss [Dkt. 12]

On October 30, 2023, the Court received from Plaintiff Scott Joseph Faulkner ("Plaintiff"), proceeding pro se, a First Amended Complaint under 42 U.S.C. § 1983 against Alan Heidrich ("Defendant"), as the sole defendant. Dkt. 6 ("FAC"). On December 6, 2023, Defendant filed a Motion to Dismiss the FAC. Dkt. 12 ("Motion to Dismiss"). On December 7, 2023, the Court vacated the hearing on the Motion to Dismiss, ordered Plaintiff to file and serve an opposition, stating a position as to whether a Younger stay is warranted, and ordered Defendant to file a Reply, addressing various issues whether a Younger stay is warranted. Dkt. 13.

On February 16, 2024, Plaintiff filed a Brief in Response to Defendant's Motion to Dismiss, indicating, in part, that he "believes a Younger stay is warranted." Dkt. 19 at 20 (CM/ECF pagination). On March 1, 2024, Defendant filed a Reply in Support of the Motion to Dismiss, asserting that "Younger abstention is appropriate," but requested the Court dismiss rather than stay the action. Dkt. 21 at 14. Thus, both parties agree that Younger abstention is warranted, although they disagree on whether such abstention should be in the form of a stay or dismissal.

Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism which cautions against federal interference with ongoing state criminal, civil, and administrative proceedings. San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008). Although Younger abstention generally applies to requests for declaratory or injunctive relief, "Younger principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings." Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004) (en banc). The court reasoned that federal courts should stay rather than dismiss such actions for damages until the state proceedings are complete. Id. Further, since Gilbertson, the Supreme Court has approved of the "common practice[] to stay the civil action until the [pending] criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 394

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01784-ODW (JDE) | Date | March 8, 2024 |
|---|---|---|---|
| Title | Scott Joseph Faulkner v. Alan Heidrich, et al. | | |

(2007). Younger abstention is appropriate when: (1) there is an ongoing state proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018).

Here, both parties indicate Younger abstention is warranted, and based on the Court's independent review of the record, the Court finds that all of the requirements for Younger abstention are met. There are ongoing state criminal proceedings that implicate important state interests in which Plaintiff has an adequate opportunity to raise the constitutional challenges that remain it issue in the FAC, and the relief sought herein would have the practical effect of at least partially enjoining those ongoing state court proceedings. With respect to Defendant's request to dismiss rather than stay the action, the Court finds that here, as damages are at issue as well as injunctive relief, a stay is proper. See Gilbertson, 381 F.3d at 968 (concluding that in applying Younger, "federal courts should not dismiss actions where damages are at issue" and instructing that instead "damages actions should be stayed until the state proceedings are completed.").

For the foregoing reasons, this Action is STAYED pending the entry of a final judgment in Plaintiff's criminal proceedings. As such, the Motion to Dismiss (Dkt. 12) is DENIED without prejudice and without a determination on the merits, with Defendant retaining the ability to re-file the Motion to Dismiss after the stay entered herein is lifted. This action will be administratively closed [JS-6] pending the Court receiving notice that a final judgment has been entered in the state court criminal proceedings. Plaintiff is ORDERED to file a Notice and Request to Lift Stay within 30 days of the entry of such a final judgment in the state court criminal case. If no such Notice has been filed within 180 days from the date of this Order, the parties are ORDERED to file separate Status Reports regarding the status of the state court criminal proceedings within 190 days of the date of this Order and file additional Status Reports every six months thereafter until a Notice and Request to Lift Stay is filed.

IT IS SO ORDERED.